# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SIDNEY ALLEN WORTHEN, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CIV-07-687-R |
| | ) | |
| **OKLAHOMA DEPARTMENT OF CORRECTIONS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Bana Roberts entered December 7, 2007 [Doc. No. 15] and Plaintiff Worthen's Objection to the Report and Recommendation[1] [Doc. No. 16] filed December 14, 2007. Pursuant to 28 U.S.C. § 636(b)(1)(b), the Court reviews *de novo* those aspects of the Report and Recommendation to which Plaintiff objects.

Plaintiff objects to the initial screening procedures as not normal, applied to stall or delay this case and because the screening was not completed for six months. The screening procedure is in fact routine; indeed, the Court is required to conduct such screening which, in this district, is done by a Magistrate Judge upon referral. *See* 28 U.S.C. § 1915A(a). How long a Complaint is pending before a Magistrate Judge conducts the initial screening depends largely on the number of similar complaints and habeas corpus petitions which have been filed and are pending for initial screening or proceedings before that Magistrate Judge.

---

[1] Plaintiff Worthen's pleading is captioned "Plaintiff Worthen's Reply to Initial Screening Report and Recommendation." Doc. No. 16. It is construed as and will be referred to herein as Plaintiff's Objection to te Report and Recommendation. Neither of the other Plaintiffs have filed objections.

Plaintiff objects to the Magistrate Judge's conclusion that the three Plaintiffs are improperly joined. He asserts that their claims arise from a single occurrence or ongoing series of occurrences; that the Plaintiffs' claims are sufficiently pleaded to put the Defendants on notice; that it is unnecessary for each Plaintiff to exhaust his administrative remedies, citing *Kikumura v. Osagie*, 461 F.3d 1269 (10th Cir. 2006); and that requiring the other Plaintiffs to refile their own complaints and Plaintiff to file an Amended Complaint would be prejudicial.

Upon the Court' review of the Report and Recommendation in light of these objections, the Court concurs in the findings and recommendations of the Magistrate Judge. As explained by the Magistrate Judge, "[a] complaint that does not attempt "individualization or description of the particular circumstances . . . of the individual plaintiffs . . . [does] not satisfy the 'same transaction or occurrence' test of Fed. R. Civ. P. 20(a)." Report and Recommendation at p. 5, quoting *Amberg v. Acards Inc.*, 152 F.R.D. 498, 500 (D. Md. 1994). The *Kikumura v. Osagie* case does not state or suggest that *one* prisoner's exhaustion of administrative remedies in which he puts the defendants on notice of his grievance is sufficient to constitute exhaustion of administrative remedies for other prisoners, even if their grievances are the same or similar. As the Magistrate Judge pointed out, exhaustion of administrative remedies is an individualized issue that militates against joinder. Plaintiff is not prejudiced by having to file an Amended Complaint. The other Plaintiffs are not prejudiced because they have failed to state claims on which relief can be granted and they can seek leave to proceed *in forma pauperis* if they choose to file their own complaints.

With respect to the Magistrate Judge's recommendation concerning Plaintiff's request that this case proceed as a class action, Plaintiff states that he mailed a request for class action certification and for appointment of counsel and that he does not have his own copy because his legal materials were seized by Defendants and is missing. He further states that because both prisoners and correctional officers need establishment of a baseline of rights as to mail, legal mail, religious literature, what can't be censored, and procedural protections for publishers, prisoners and prison officials, a class action with appointment of counsel should be considered.

No motion for class certification and/or for the appointment of counsel has been filed in this case. Plaintiff has not included allegations in the Complaint showing that the requirements of Rule 23, F.R.Civ.P., are met. Accordingly, the Court agrees with the Magistrate Judge that to the extent Plaintiff seeks class certification in his Complaint, the request should be denied without prejudice.

With respect to ODOC's Eleventh Amendment immunity, Plaintiff asserts it does not have immunity for prospective injunctive relief and does not have immunity for Count V under RLUIPA, 42 U.S.C. § 2000cc (1-5). Defendant ODOC does have Eleventh Amendment immunity on Counts I through IV of Plaintiff's Complaint, regardless of the relief sought. *See, e.g., ANR Pipeline v. LaFaver*, 150 F.3d 1178, 1187 (10th Cir. 1998). The Tenth Circuit has not yet addressed whether the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et. seq.*, waives states' Eleventh Amendment Immunity. The Eleventh Circuit has held that RLUIPA waives the Eleventh

Amendment immunity of a state or state entity which receives federal funding, even as to a claim for monetary relief. *See Smith v. Allen*, 502 F.3d 1255, 1276 n. 12 (11th Cir. 2007); *Benning v. Georgia*, 391 F.3d 1299, 1305 (11th Cir. 2004). The Fourth Circuit, on the other hand, has held that RLUIPA waives Eleventh Amendment immunity of a state which enters into a contract to receive federal prison funds only as to prospective injunctive relief and does not waive such immunity to a claim for damages. *See Loveless v. Lee*, 472 F.3d 174, 193 (4th Cir. 2006); *Madison v. Commonwealth of Virginia*, 474 F.3d 118, 131-32 (4th Cir. 2006). This split in authority is evident in district courts' decisions as well. The Court need not resolve the issue herein because Plaintiff seeks only declaratory and injunctive relief and all courts which have considered the issue have held that RLUIPA waives the Eleventh Amendment immunity of a state or state agency which agrees to accept federal funding for claims for nonmonetary relief. Thus, Plaintiff is correct that his RLUIPA claim (Count V) against ODOC is not barred by Eleventh Amendment immunity provided that ODOC receives federal funds. However, Plaintiff has not alleged that the actions of ODOC have imposed a substantial burden on Plaintiff's exercise of his religion. 42 U.S.C. § 2000cc-1(a). *See, e.g., Smith v. Allen*, 502 F.3d at 1276 (elements of *prima facie* case). Accordingly, Count V of Plaintiff's Complaint must be dismissed for failure to state a claim on which relief can be granted.

Plaintiff's "objections" to the Magistrate Judge's findings and conclusions concerning his claim(s) for denial of access to the courts do not really take issue with the Magistrate Judge's findings and conclusions, in particular her finding that Plaintiff has failed to allege

any actual injury as a result of the alleged denial of access to various legal resources. See Report and Recommendation at pp. 15-16. Rather, Plaintiff states that ODOC prisoners also lack assistance from persons trained in the law and that limited discovery and appointment of counsel will show that "[a] claim exists in Count 4." Objection at p. 11. Plaintiff does not contend that his current pleading is sufficient to state a claim for conspiracy to deprive him of his right of access to the courts and, for the reasons explained by the Magistrate Judge, it does not.

Plaintiff objects to the Magistrate Judge's recommendation that service be denied but fails to take into account that he must amend his Complaint and does not make any specific objection to the Magistrate Judge's suggested modes of achieving service. Accordingly, Plaintiff's objection to the disposition of his motion for service [Doc. No. 4] is without merit.

In his Objection to the Report and Recommendation of the Magistrate Judge, Plaintiff states that it is too late for the requested injunctive relief to be effective. Objection at p. 13. Accordingly, the Court finds that Plaintiff has waived any objection to the recommended denial of Plaintiff's motion for a preliminary injunction temporary restraining order [Doc. No. 5].

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 15] is ADOPTED in its entirety except to the extent it holds that ODOC is immune under the Eleventh Amendment to Plaintiff's claim under RLUIPA (Count V); due to misjoinder, Plaintiffs Young and Trumpore are DISMISSED as parties herein without prejudice to refiling their claims in separate actions; Plaintiff Worthen's request for class

action, if any, is DENIED; Plaintiff's claims against Defendant ODOC, except Count V, are dismissed as barred by Eleventh Amendment immunity; Counts IV and V of Plaintiff's Complaint are DISMISSED for failure to state claims on which relief can be granted, 28 U.S.C. § 1915A; Plaintiff's motions for service [Doc. No. 4] and for a preliminary injunction/temporary restraining order [Doc. No. 5] are DENIED; and Plaintiff Worthen is ORDERED to file an Amended Complaint within twenty (20) days of the date of this Order to reassert his claims from the original Complaint, specifying the acts and omissions committed by each Defendant on which his claims are based and the harm suffered by him as a result.

**It is so ordered this 20th day of December, 2007.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE