# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SIDNEY ALLEN WORTHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-687-R |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Bana Roberts entered December 23, 2008 [Doc. No. 25] and Plaintiff's Objection thereto filed January 7, 2009. Doc. No. 26. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's Objection.

Plaintiff first objects to the Magistrate Judge's screening of his amended complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is not proceeding *in forma pauperis*. He suggests that screening pursuant to those provisions is improper because Plaintiff paid the entire filing fee. Plaintiff further asserts that dismissal of the Oklahoma Department of Corrections and of counts three through five is premature. He maintains that a Special Report should be ordered, discovery allowed and then Defendants should be allowed to file dispositive motions. Plaintiff also asks for an extension of time (to do what he does not specify but presumably to object to the Report and Recommendation) and requests that the Court appoint Marilyn Barringer-Thomson to

represent Plaintiff in this case. Plaintiff also asserts that ODOC is a proper party defendant for injunctive relief and on Plaintiff's "Religious Claim."

With respect to his claim for denial of access to the Courts (count three), Plaintiff makes no assertion or argument that he has been prejudiced or injured as a result of time limitations in the OSR law library or the lack of trained legal assistants. He does state that he is now in a 24-hour lock-down unit at Davis Correctional Facility where he has no access to any cases cited in the Report and Recommendation. He also states that <u>no</u> library services were available to him during a 4-month period in 2008 when OSR was on lock-down status and that he is now relying on only old cases, having no access to federal statutes or procedures.

With respect to his Free Exercise and RLUIPA claims in count four, Plaintiff states that mail from Larger Fellowship of the Unitarian-Universalist Association is Plaintiff's only connection with his church because he has no access to email. He contends that Defendants have cut off his communication with believers which is contrary to the covenant of C.L.F. members of sharing their belief.

With respect to count five, challenging the adequacy of the remedy provided by Okla. Stat. tit. 57, § 564.1 for judicial review of misconduct convictions, Plaintiff asserts that he has standing to attack that statute because he is a citizen of Oklahoma who is being hampered by the short, special 90-day statutes of limitations therein, the limited pleading prescribed therein and the limited relief available under that statute. Plaintiff claims the legislature has restricted the independence of judicial decision-making therein and that § 564.1 violated Art.

5, § 46 of the Oklahoma Constitution which prohibits "special laws." Plaintiff asks that the Court certify questions of law concerning the constitutionality of § 564.1 of Title 57 of the Oklahoma Statutes to the Oklahoma Supreme Court as the United States District Court for the Eastern District of Oklahoma recently did in *Kruchowski v. Weyerhauser*, 2008 OK 105, ___ P.3d ___, 2008 WL 5238495 (Okla. Dec. 16, 2008).

Plaintiff is correct that he is not proceeding *in forma pauperis*; he paid the full filing fee herein. *See* Doc. No. 2. However, pursuant to 28 U.S.C. § 1915(e)(2)(B), cited by the Magistrate Judge, the Court is required to dismiss the case at anytime it determines that the action is frivolous or malicious, fails to state a claim on which relief can be granted or seeks monetary relief against a defendant who is immune from such relief, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid." 28 U.S.C. § 1915(e)(2)(B)(emphasis added). *See Fogle v. Pierson,* 435 F.3d 1252, 1258 & n.1 (10th Cir. 2006)(dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) was proper even though the plaintiff had paid the full filing fee). *But see Griffin v. Kelly*, 2008 WL 4697053 at *2 n.4 (10th Cir. Oct. 27, 2008). In any event, a *sua sponte* dismissal under Rule 12(b)(6), F.R.Civ.P., is proper where it is patently obvious that plaintiff could not prevail on the facts alleged and allowing an opportunity for amendment would be futile. *See Ames v. Miller*, 247 Fed. Appx. 131, 2007 WL 2558101 at *2 (10th Cir. Sept. 6, 2007)(Nos. 07-6014 & 07-6019). Moreover, the Magistrate properly screened Plaintiff's complaint against a governmental entity and employees of a governmental entity pursuant to 28 U.S.C. § 1915A(a) because Plaintiff is a "prisoner" even though Plaintiff had paid the filing fee. *Treff v. Lott*, 149 F.3d 1191, 1998

WL 327863 at *1 (10th Cir. June 18, 1998)(No. 97-4110). *See Miller v. Edminsten*, 161 Fed. Appx. 787, 788-89, 2006 WL 31303 at *1 (10th Cir. Jan. 6, 2006)(No. 05-6233).

Defendant ODOC is not a proper party defendant for injunctive relief on Plaintiff's claims with the possible exception of his RLUIPA claim. *See* Order of December 20, 2007 [Doc. No. 7] at pp. 3-4, *citing ANR Pipeline v. LeFaver*, 150 F.3d 1178, 1187 (10th Cir. 1998). It does not appear that Defendant ODOC is a party defendant to Plaintiff's RLUIPA claim in his Amended Complaint. To the extent it is, any error in recommending dismissal of ODOC as a party defendant to Plaintiff's RLUIPA claim for injunctive relief is harmless because the Court agrees with the Magistrate Judge that Plaintiff has failed to state a claim under RLUIPA on which relief can be granted. *See infra.*

With respect to Plaintiff's § 1983 First Amendment access to the courts claim, the Court concurs in the Magistrate Judge's finding that Plaintiff has failed to allege in his amended complaint that he suffered any actual prejudice or injury as a result of his limited access to the law library or other legal resources. He has failed to allege that he was hindered in his efforts to pursue a legal claim by any deficiency in legal resources or denial of access to legal resources at the prison facility. *See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)(an inmate alleging denial of access to the courts must do more than establish that a prison's legal resources are inadequate; he must also show that alleged shortcomings in the prison's legal resources actually "hindered his efforts to pursue a legal claim.").

For the reasons explained by the Magistrate Judge, most particularly that Plaintiff has failed to allege in his Amended Complaint that Defendants' conduct placed a substantial burden on Plaintiff's ability to practice his religion, Plaintiff has failed to state a claim under the Free Exercise Clause or under RLUIPA on which relief can be granted.

Plaintiff has failed to allege any personal injury, that is an injury that has affected the Plaintiff in a personal and individual way and which injury is legally and judicially cognizable and is likely to be redressed by the requested relief that Okla. Stat. tit. 57, § 564 be declared unconstitutional. *See Raines v. Byrd*, 521 U.S. 811, 818-19, 117 S.Ct. 2312, 138 L.Ed.2d 849, 858 (1997), *Schaffer v. Clinton*, 240 F.3d 878, 882-83 & 886 (10th Cir. 2001); *Ash Creek Mining Co. v. Lujan*, 969 F.2d 868 (10th Cir. 1992)(redressability). In short, Plaintiff has failed to allege facts showing that he has a personal stake in a determination of whether Okla. Stat. tit. 57, § 564.1 is an adequate state court remedy for alleged due process violations in prison disciplinary proceedings and constitutional under the Oklahoma and United States constitutions. *See id.,* 521 U.S. at 819, 117 S.Ct. 2312, 138 L.Ed.2d at 858; *Schaffer v. Clinton*, 240 F.3d at 883. Accordingly, the Magistrate Judge correctly concluded that Plaintiff lacks standing to pursue his count five claim challenging the adequacy and constitutionality of Okla. Stat. tit. 57, § 564.1.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 25] is ADOPTED in its entirety; Defendant ODOC is DISMISSED as a party defendant herein; Plaintiff's 42 U.S.C. § 1983 claims in counts three, four and five are DISMISSED for failure to state a claim on which relief may be granted; Defendant Justin

Jones and Mike Oakley, who are party defendants to count three, only, are DISMISSED; and Plaintiff's count six claim for habeas relief pursuant to 28 U.S.C. § 2241 is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  *See* Rule 1(b) of Rules Governing Section 2254 Cases.

IT IS SO ORDERED this 12th day of January, 2009.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE