### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SIDNEY ALLEN WORTHEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-07-687-R** |
| | ) | |
| **OKLAHOMA DEPARTMENT OF** | ) | |
| **CORRECTIONS, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### O R D E R

Before the Court are the Report and Recommendation of United States Magistrate

Judge Bana Roberts entered August 4, 2010 [Doc. No. 42]; Defendant's Objection to the

Report and Recommendation [Doc. No. 43]; and Plaintiff's Objection to the Report and

Recommendation [Doc. No. 44].  Pursuant to 28 U.S.C. § 28 U.S.C. § 636(b)(1)(B), the

Court reviews the Report and Recommendation *de novo* in light of the objections.

Defendants' objection is that the Magistrate Judge failed to address Defendants'

asserted defense of qualified immunity as to Plaintiff's First Amendment claim predicated

on denial of the February 2007 issue of Prison Legal News (PLN).  It is true that the

Magistrate Judge did not specifically address this defense.  Qualified immunity "protects

government officials from liability for civil damages insofar as their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person would have

known." *Pearson v. Callahan*, 555 U.S. __, 129 S.Ct. 808, 815, 172 L.Ed.2d 569, 573 (2009)

(quotation omitted).  "When a defendant asserts qualified immunity at summary judgment,

the burden shifts to the plaintiff to show that the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).  It was clearly established at the time Defendants acted that prison inmates had "a First Amendment right to receive information while in prison to the extent the right is not inconsistent with prisoner status or the legitimate penalogical objectives of the prison." *Jackovich v. Simmons*, 392 F.3d 420, 426 (10th Cir. 2004)(citing *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974)).  Genuine issues of material fact exist as to whether Defendant's denial of Plaintiff's 2007 PLN issue was reasonably related to a legitimate penalogical interest.  *See* Report and Recommendation at p. 24.  Accordingly, the Court cannot say that Defendants are entitled to qualified immunity as a matter of law.

Plaintiff objects to the Magistrate Judge's failure to take notice of Doc. No. 38 which Plaintiff states shows that ODOC misinterprets its own rules and procedures and has misclassified one of his misconducts as a result of an ex post facto application of new rules to Plaintiff, resulting in a denial of due process.  *See* Objection [Doc. No. 44] at pp. 1 & 2 and Plaintiff's Request for Judicial Notice [Doc. No. 38].   However, an alleged misclassification of Plaintiff's 1984 misconduct is not the subject of any of Plaintiff's claims in this case so the Court fails to see any relevance of the matters of which Plaintiff requested judicial notice in Document Number 38.  Thus, the Magistrate Judge did not err in denying the request.

Plaintiff objects to dismissal of Defendants Hormel and Harris on the ground that they "could have been on said committee [the Review Committee] and discussed it [the February

2007 PLN].”  Objection at p. 2.  Plaintiff's mere speculation in Plaintiff's Objection is insufficient to meet Plaintiff's burden of alleging and showing personal participation by those Defendants.  Thus, the objection is without merit.

Plaintiff objects to the granting of Defendants' summary judgment motion on his First Amendment claim relating to non-delivery of his March and April 2007 issues of PLN on the ground that “Defendants evidence that others (inmates) received their issues shows nothing that Plaintiff received his issues of PLN or other publications.”  But Defendants did not just submit evidence that the April 2007 PLN was authorized for delivery to two other inmates, *see* Report and Recommendation at p. 27, n. 12, as Defendant implies.  Defendants also submitted evidence that the March and May 2007 PLN issues were authorized for delivery to Plaintiff, *see id.* st p. 26, citing Special Report, Attachment “7,” and that there was no record of the April 2007 PLN issue being sent to the prison for Plaintiff and that that issue was not rejected or denied by the Library Review Committee.  Special Report & Attachments “6” & “7.

With respect to his “Segregation Due Process Claim,” *see* Report and Recommendation at p. 33, and his Retaliation Claim, *id.* at p. 43, Plaintiff objects to the Magistrate Judge's disposition on the grounds that the facts are in dispute.  The “facts” cited in Plaintiff's objection are not material to whether Plaintiff's placement in the Segregated Housing Unit or the conditions thereof as to which he exhausted his administrative remedies amounted to an “atypical and significant hardship” on him “in relation to the ordinary incidents of prison life,” *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d

418, 430 (1995) and whether Plaintiff's due process rights were violated by his loss of an opportunity to earn credits at a particular classification level.  Plaintiff's retaliation claim alleged that Defendants issued bogus misconduct reports in retaliation for Plaintiff's legal assistance rendered to other inmates.  The Magistrate Judge correctly concluded that Plaintiff's assistance to other inmates with filing grievances and conducting legal research is not a constitutionally protected activity.  Report and Recommendation at p. 44.  *See Shaw v. Murphy*, 532 U.S. 223, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001).  Plaintiff's objections to the Report and Recommendation are not relevant because they are not directed to that issue but are directed to showing that Plaintiff did not do what he was alleged to have done in the misconducts.  An essential element of a claim under 42 U.S.C. § 1983 for retaliation for the exercise of First Amendment rights is that Plaintiff engaged in conduct protected by the First Amendment.  *See e.g., Neilander v. Board of County Commissioners of County of Republic, Kansas*, 582 F.3d 1155, 1165 (10th Cir. 2009).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and Plaintiff's claims for declaratory and injunctive relief are DISMISSED as moot; Plaintiff's requests for judicial notice [Doc. Nos. 9, 22, 23 & 38] are DENIED; Defendants' motion, construed as one for summary judgment [Doc. No. 34], is GRANTED in all respects except as to Plaintiff's § 1983 First Amendment claim predicated on denial of the February 2007 PLN issue, as to which claim Defendants' motion is DENIED; and Defendants Hormel and Harris are DISMISSED from Plaintiff's remaining

First Amendment claim pursuant to 28 U.S.C. § 1915A based on Plaintiff's failure to allege

their personal participation.

IT IS SO ORDERED this 19th day of August, 2010.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE